IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ESCO LEWIS BLAYLOCK , III,     ) | |
|             Plaintiff,         ) | |
|                                ) | |
| vs.                            ) | No. 3:22-CV-00627-N (BH) |
|                                ) | |
| DALLAS AREA RAPID TRANSIT      ) | |
|             Defendants.        ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the plaintiff's age discrimination claim should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction, and his sex discrimination claim should be **DISMISSED WITH PREJUDICE** for failure to state a claim.

**I.     BACKGROUND**

Plaintiff Esco Lewis Blaylock, III (Plaintiff) alleges that a Dallas Area Rapid Transit (DART) bus driver (Driver) discriminated and retaliated against him on account of his sex and age in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e *et seq*., and the Age Discrimination Act of 1975 (ADA), 42 U.S.C. § 6101 *et seq*. (*See* doc. 3 at 2-4; doc. 8 at 2-3.)[2] He claims that Driver allowed a female to get on the bus without paying, but when Plaintiff tried to get on the bus, Driver asked for his fare. (doc. 3 at 1.) Plaintiff pulled out his "card," but Driver said it was outdated and "berated" him, remarking that Plaintiff's "old eyes can't see that." (*Id.* at 2.) Despite Plaintiff's pleas, Driver told him "not to get [his] old [expletive] on the bus." (doc. 8 at 3.) Plaintiff called "customer service" to complain, and Driver retaliated by telling other DART bus drivers, supervisors, and dispatchers to "look out" for Plaintiff and to not allow him to

---

[1] By *Special Order No.* 3-251, this *pro se* case has been automatically referred for judicial screening.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing

ride their buses. (doc. 3 at 4.) On two occasions, Plaintiff was denied bus rides, causing him to fear for his life and to have to walk seven to twenty miles every day to get to his destinations. (*Id.*) He sues DART for monetary damages "and/or an agreed way where [he doesn't] ever have to ride [DART] anymore." (doc. 8 at 5.)

## II.  PRELIMINARY SCREENING

Because Plaintiff has been permitted to proceed *in forma pauperis* (IFP), his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). It provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The analysis for determining whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is the same as that for a motion to dismiss under Rule 12(b)(6). *See Hale v. King*, 642 F.3d 492, 497 (5th Cir. 2011) (per curiam). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Neither mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

## III.    AGE DISCRIMINATION ACT

Plaintiff claims that DART, through Driver, discriminated against him because of his age in violation of the ADA and its implementing regulations. (doc. 3 at 3; doc. 8 at 2.)

The purpose of the ADA is "to prohibit discrimination on the basis of age in programs or activities receiving Federal financial assistance." 42 U.S.C. § 6101. It provides that "no person in

the United States shall, on the basis of age, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any program or activity receiving Federal financial assistance." 42 U.S.C. § 6102. For a district court to have jurisdiction over a civil action filed by a plaintiff to enforce rights created by that statute, the plaintiff must have exhausted available administrative remedies. *See* 42 U.S.C. § 6104(e)(2)(B); *see also Kamps v. Baylor Univ.,* 592 F. App'x 282, 284 (5th Cir. 2014) (citing 42 U.S.C. § 6104(e)(2)); *Parker v. Bd. of Sup'rs Univ. of Louisiana-Lafayette*, 296 F. App'x 414, 417 (5th Cir. 2008) (citing 42 U.S.C. § 6104(f)); *D.A. v. Houston Indep. School Dist.,* 716 F. Supp. 2d 603, 620-21 (S.D. Tex. 2009) (citing *Parker v. Bd. of Sup'rs Univ. of Louisiana-Lafayette*, 270 F. App'x 314, 317 (5th Cir. 2008) (in turn citing 42 U.S.C. § 6104(f) and 34 C.F.R. § 110.39)); *Holt v. Wal-Mart Store, Inc.*, SA-20-CV-01476-XR, 2022 WL 272117, at *5 (W.D. Tex. Jan. 18, 2022). The ADA provides:

> Administrative remedies shall be deemed exhausted upon the expiration of 180 days from the filing of an administrative complaint during which time the Federal Department or agency makes no finding with regard to the complaint, or upon the day that the Federal department or agency issues a finding in favor of the recipient of financial assistance, whichever occurs first.

42 U.S.C. § 6104(f).

Here, Plaintiff fails to allege any facts in his complaint or in response to the magistrate judge questionnaire[3] to show that he has submitted a timely claim to any federal agency. He has failed to show subject matter jurisdiction over his ADA claim, and it must be dismissed without prejudice. *See Kamps,* 592 F. App'x at 284 (finding no reversible error or law or fact in recommendation that some ADA claims be dismissed for failure to exhaust administrative remedies); *Holt*, 2022 WL 272117, at *5 (dismissing ADA claim because "Plaintiff fails to allege

---

[3] Plaintiff's responses to the magistrate judge questionnaire are an amendment to his pleadings. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

any facts in Original Petition demonstrating that he has submitted a timely claim to any federal agency[, and] Plaintiff has thus failed to establish by a preponderance of the evidence that the Court has subject matter jurisdiction over his claims under the [ADA] and it must be dismissed"); *see also Morales v. New York*, 22 F.Supp.3d 256, 271 (S.D.N.Y. 2014) ("Plaintiff's Amended [Complaint] does not indicate compliance with the [ADA's] requirement that he exhaust administrative remedies prior to bringing suit...Thus, the Court must dismiss Plaintiff's [ADA] claim without prejudice.") (citing *Stoner v. Young Concert Artists, Inc.*, 2014 WL 661424, at *6 (S.D.N.Y. Feb. 7, 2014)) (internal citation omitted).[4]

## IV. TITLE VII

Plaintiff claims that DART violated Title VII by discriminating against him because of his sex. (*See* doc. 3 at 5.)

Title VII prohibits employment discrimination "because of" an individual's "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). A Title VII claim "cannot be brought against a non-employer." *McAdoo v. Texas*, 565 F.Supp.2d 733, 738 (E.D. Tex. 2005). By its plain terms, the statute only protects "the interests of those in employment relationships with the defendant." *Simmons v. UBS Fin. Servs., Inc.*, 972 F.3d 664, 669 (5th Cir. 2020). Plaintiff has not

---

[4] Alternatively, even if Plaintiff could show exhaustion, the ADA only allows for injunctive relief and attorney fees. *See, e.g.*, *Montalvo-Padilla v. Univ. of Puerto Rico*, 498 F.Supp.2d 464, 468 (D. Puerto Rico 2007) (noting that the private cause of action created by the ADA is limited to injunctive relief and the recovery of attorney's fees); *Tyrell v. City of Scranton*, 134 F.Supp.2d 373, 383 (M.D. Pa. 2001) ("the [ADA] cannot support an action for damages"); *Long v. Fulton Cty. School Dist.*, 807 F.Supp.2d 1274, 1286 (N.D. Ga. 2011) (same). As noted, Plaintiff seeks monetary damages and an "agreed way where I don't ever have to ride Dallas Area Rapid Transit anymore." (doc. 8 at 5.) He is not seeking an order commanding DART to do something or refrain from doing something. *See Garland v. Aleman Gonzalez*, 142 S.Ct. 2057, 2063 (2022) (explaining that "[w]hen a court 'enjoins' conduct, it issues an 'injunction,' which is a judicial order that 'tells someone what to do or not to do.'") (citing *Nken v. Holder*, 556 U.S. 418, 428 (2009); BLACK'S LAW DICTIONARY 784 (6th ed. 1990) (defining an "injunction" as a "court order prohibiting someone from doing some specified act or commanding someone to undo some wrong or injury"); 2 J. Story, COMMENTARIES ON EQUITY JURISPRUDENCE § 861, p. 178 (13th ed. 1886)) (similar).

alleged that DART employed him. He has therefore failed to plausibly allege a Title VII claim, and his claim should be dismissed with prejudice.[5]

## V. LEAVE TO AMEND

The Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Brynes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed by a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2.

Leave to amend is not necessary, however, where the plaintiff has already plead his best case. *See Wiggins v. La. State Univ.—Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (citations omitted). Here, Plaintiff responded to a detailed questionnaire. A verified questionnaire response allows a plaintiff to plead his or her best case and is a valid way for a *pro se* litigant to amend his complaint. *See Nixon v. Abbott*, 589 F. App'x 279 (5th Cir. 2015) (per curiam) ("Contrary to Nixon's argument, he was given the opportunity to amend his complaint in his responses to the magistrate judge's questionnaire, which has been recognized as an acceptable method for a pro se litigant to develop the factual basis for his complaint."). Because Plaintiff responded to a questionnaires, jurisdiction is lacking over his ADA claims and he cannot state a Title VII claim, he has pleaded his best case, and leave to amend is not warranted. *See*, *e.g.*, *Duke*

---

[5] To the extent that Plaintiff's pleadings may be liberally construed as alleging sex discrimination under some other provision of the Civil Rights Act of 1964, his claim should still be dismissed. Aside from Title VII, only Title IV deals with sex discrimination. *See generally*, Congressional Research Service, C. Back, THE CIVIL RIGHTS ACT OF 1964: ELEVEN TITLES AT A GLANCE (December 14, 2020). Title IV allows the Attorney General to file enforcement actions that "materially further" desegregation, which is defined to encompass desegregation based on "sex," in public schools and university systems. *See* 42 U.S.C. §§ 2000c *et seq.* That provision is inapplicable to Plaintiff's allegations.

*v. Dallas Cty.*, No. 3:20-CV-117-G (BH), 2021 WL 3525106, at *3 (N.D. Tex. June 25, 2021), *rec. accepted*, 2021 WL 3204565 (N.D. Tex. July 29, 2021).

## VI. RECOMMENDATION

Plaintiff's Age Discrimination Act claim should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction, and his Title VII claim should be **DISMISSED WITH PREJUDICE** for failure to state a claim.

**SIGNED on this 26th day of June, 2023**.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE